UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AXIA NETMEDIA CORPORATION <br><br> Plaintiff, <br><br> KCST, USA, INC. <br><br> Plaintiff Intervenor <br><br> v. <br><br> MASSACHUSETTS TECHNOLOGY PARK CORPORATION d/b/a MASSACHUSETTS TECHNOLOGY COLLABORATIVE <br><br> Defendant. | CIVIL ACTION <br><br> NO. 4:17-CV-10482-TSH |

**MEMORANDUM AND ORDER ON DEFENDANT MASSACHUSETTS TECHNOLOGY PARK CORPORATION'S RENEWED MOTION TO COMPEL ARBITRATION (Docket No. 144)**

**August 29, 2017**

**HILLMAN, D.J.**

Defendant MTC filed this renewed Motion to Compel Arbitration of the present dispute regarding the enforceability of the parties' Guaranty Agreement.[1] Axia NetMedia opposes the motion on the basis that (1) the agreement to arbitrate is illusory, and thus unenforceable, and (2)

---

[1] MTC's initial motion to compel arbitration was denied as untimely in this Court's May 18, 2017 Memorandum and Order. *See Axia NetMedia Corp. v. Massachusetts Tech. Park Corp.*, 2017 WL 2196739, at *8 (D. Mass. May 18, 2017).

1

MTC's failure to perform its obligations under the Network Operator Agreement amounts to a failure of consideration, rendering the Guaranty Agreement void.

The Guaranty Agreement provides that "at MTC's sole election, MTC may file a demand for arbitration by the American Arbitration Association…" and that "[e]xcept to the extent MTC elects arbitration as the method of dispute resolution for a given dispute, all disputes shall be resolved by litigation in a court serving Middlesex County, Massachusetts…." Axia NetMedia cites *Feeney v. Dell*, 87 Mass. App. Ct. 1137 (2015) for the proposition that an arbitration agreement is illusory when a party retains a unilateral right to modify its terms and there is no express exemption from retroactive modification, and asserts that, because the arbitration provision gives MTC the unilateral right to modify the terms of the arbitration agreement, it is illusory under Massachusetts law. However, there is no language in the Guaranty that gives MTC the right to "modify" any terms of their arbitration agreement, and Axia cites no law for the proposition that a unilateral right to *elect* arbitration in the event a dispute arises renders a contract illusory. Moreover, the Court does not read the absence of an express exemption from modification (retroactive or otherwise) from the terms of an arbitration agreement as implying a right to modify the agreement.

Finally, Axia resurrects its argument that MTC's untimely delivery of 30% fewer Community Anchor Institutions than promised in the Network Operator Agreement amounts to a failure of consideration so as to void the Guaranty, including the arbitration provision. This argument was addressed by the Court in its May 18, 2017 Memorandum & Order on MTC's Motion for Preliminary Injunction. *See Axia NetMedia Corp.*, 2017 WL 2196739, at *6.

## Conclusion

For the reasons set forth above, Defendant's renewed motion to compel arbitration (Docket No. 144) is ***granted.***

**SO ORDERED.**

/s/ ***Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**